UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE REYES, | ) | 1:04-cv-06571-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO AMEND AMENDED PETITION |
| | ) | (COURT DOC. 4) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | SEND PETITIONER BLANK FORM PETITION |
| JIM HAMLET, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was originally filed on November 15, 2002, in the U.S. District Court for the Northern District of California. (Court Doc. 1). On November 18, 2004, the petition was ordered transferred to the Eastern District of California. (Court Doc. 1). On February 23, 2005, the Court ordered Petitioner to file an amended petition because the original form petition did not, as submitted, contain all of the required pages. (Doc. 3). On March 16, 2005, Petitioner filed an amended petition alleging the following grounds for relief: (1) newly discovered evidence of Petitioner's innocence; (2) ineffective assistance of trial counsel; (3) newly discovered evidence showing Petitioner's innocence, specifically an admission by one Joe Navarro that heroin found at Petitioner's residence belonged to Navarro; and (4) Petitioner's sentence of twenty-five years-to-life violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 4).
///

1

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

**A. Failure to State A Constitutional Claim in Ground One**.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing § 2254 Cases. The petition must also allege the facts surrounding the petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

In addition, a petition presented in *pro se* must be upon the form approved by the court. Rule 2 of the Rules Governing § 2254 Cases; Local Rule 81-190. This rule ensures that all information needed is before the court. Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases.

Here, Ground One alleges simply that "There is newly discovered evidence which shows petitioner's innocence of the crimes he is convicted for." (Doc. 4, p. 5). Petitioner does not list any facts to support this claim. In a claim of "actual innocence", the petitioner must show that the constitutional error alleged, e.g., the petitioner's inability to present the newly discovered evidence at trial, "has probably resulted in the conviction of one who is actually innocent." Bousely v. United States, 523 U.S. 614, 623 (1998), quoting Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner

///

must demonstrate that in light of the evidence no reasonable juror would have found him guilty. Schlup v. Delo, 513 U.S. 298, 329 (1995).

Unlike Ground Three, Ground One falls far short of this standard. Petitioner provides no facts whatsoever to support this claim, and therefore the Court cannot make a preliminary determination that Ground One, as presently pleaded, involves newly discovered evidence, the absence of which would "probably result in the conviction of one who is actually innocent." Bousely, 523 U.S. at 623.

Moreover, it is unclear from the amended petition whether Ground One and Ground Three, both of which allege "newly discovered evidence" that points to Petitioner's innocence, are duplicative or whether, instead, Petitioner is actually referring to two separate and distinct instances of newly discovered evidence. If the former, then Petitioner should only raise one claim of "newly discovered evidence", being careful to list the relevant facts in support of that claim; if the latter, then Petitioner must explain the facts supporting *each* instance of newly discovered evidence in such a way that the Court can determine whether any reasonable juror would have found Petitioner guilty had the new evidence been presented at trial. Schlup, 513 U.S. at 329.

### B. Exhaustion of Claims

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

3

1  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
2  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

3       Additionally, the petitioner must have specifically told the state court that he was raising a
4  federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
5  (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
6  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States
7  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

     The current petition for writ of habeas corpus does not state that Petitioner has presented Grounds One and Three (newly discovered evidence of innocence) to the California Supreme Court. Instead, Petitioner indicates that he raised the issue in the Court of Appeal in a petition for writ of habeas corpus. (Doc. 4, p. 4). The decision of the Court of Appeal, Fifth Appellate District, denying

4

Petitioner's habeas petition, however, makes no mention of the issue of newly discovered evidence. Since Petitioner has not included a copy of the habeas corpus petition he filed in the California Supreme Court, and since he has not alleged that he raised this issue in that Court, the Court is not in a position to make an initial determination that Petitioner has fully exhausted this issue.

Moreover, given the ambiguity in the amended petition, in which Petitioner raises two issues of newly discovered evidence, if Ground One and Three are merely duplicative, Petitioner must present information that would establish that he has fully exhausted this claim in the California Supreme Court. If, on the other hand, Petitioner is actually alleging two separate instances of newly discovered evidence, he must allege facts that would establish that *both* claims have been fully exhausted in the California Supreme Court.

If Petitioner has not presented all of his claims to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). It is possible, however, that Petitioner has presented these claims to the California Supreme Court and simply neglected to provide that information to this Court. Thus, in the amended petition, Petitioner must inform the Court if his claims of newly discovered evidence have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the habeas corpus petition filed in the California Supreme Court. Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

## ORDER

Accordingly, it is HEREBY ORDERED:

1. Petitioner SHALL FILE AN AMENDED PETITION stating with particularity the grounds raised in each claim for relief within thirty (30) days of the date of service of this order, and providing sufficient information for the Court to determine whether all of the claims have been fully exhausted. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every

5

1         pleading to which an amendment is permitted *must be retyped or rewritten and filed*

2         *so that it is complete in itself without reference to the prior or superseded pleading*.

3         Local Rule 15-220.

4     2.     The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal

5         prisoners filing pursuant to § 2254.

6     Petitioner is forewarned that his failure to comply with this order may result in a

7 Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

8

9 IT IS SO ORDERED.

10 Dated:   **February 28, 2007**                                             **/s/ Theresa A. Goldner**
   **j6eb3d**                                                            UNITED STATES MAGISTRATE JUDGE