UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE REYES, | ) | 1:04-cv-06571-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT RESPONDENT'S MOTION |
| v. | ) | TO DISMISS (Doc. 16) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| JIM HAMLET, et al., | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondents. | ) | |
| | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on November 15, 2002 in the United States District Court for the Northern District of California, and transferred to this Court on November 18, 2004.  (Doc. 1).  On May 1, 2007, Petitioner filed an amended petition.  (Doc. 12).  On February 1, 2008, Respondent filed the instant motion to dismiss, contending that the petition had been filed outside the one-year statute of limitations for filing federal habeas corpus petitions.  (Doc. 16).  The Court agrees.

DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Respondent's motion to dismiss contends that the petition was filed outside the one year limitation period prescribed by 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

1

Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because the motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review the motion pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 520 U.S. 320. The instant petition was originally filed on November 15, 2002, and thus is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

///

2

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner's petition for review was denied by the California Supreme Court on January 10, 2001. (Lodged Document ("LD") 4). Thus, direct review would conclude on April 10, 2001, when the ninety day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from April 11, 2001, or until April 11, 2002, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned, the petition was not filed until November 15, 2002, some seven months after the limitation period would have expired. Thus, unless Petitioner is entitled to statutory tolling, the petition is untimely and must be dismissed.

 C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of

3

557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions

---

Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

4

are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, the record discloses that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Tulare County ("Superior Court") on July 31, 1996, and denied on August 1, 1996 (LD 5, 6);[2] (2) petition filed in the Superior Court on September 8, 1997 and denied on October 24, 1997 (LD 7, 8); (3) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on July 6, 1998, and denied on July 10, 1998[3]; (4) petition filed in the Superior Court on December 14, 2001 and denied on December 21, 2001 (LD 11, 12); (5) petition filed in the 5th DCA on January 17, 2002 and denied on January 21, 2002 (LD 13, 14); and (6) petition filed in the California Supreme Court on March 27, 2002 and denied on September 18, 2002 (LD 15, 16).[4]

For tolling purposes, the first three petitions are irrelevant since they were filed and denied prior to the commencement of the one-year limitation period; hence, they can have no tolling effect. As discussed, the tolling period commenced on April 11, 2001 and Petitioner did not file his petition until November 15, 2002, a period of 583 days. Since the one-year period provides for only 365

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

[3] Doc. 16, p.2, lines 15-18.

[4] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

5

1  untolled days, that leaves the petition untimely by 218 days.  If the three latter state petitions were
2  "properly filed" under the AEDPA, their combined number of days pending, i.e., days statutorily
3  tolled, would amount to 219, thus making the petition timely by one day.
4        However, Respondent contends that the petition filed in the Superior Court on December 14,
5  2001, was denied on December 21, 2001 for being untimely and is therefore not "properly filed" for
6  tolling purposes.  (Doc. 16, pp. 4-6; LD 11, 12).
7        In reviewing habeas petitions originating from California, the Ninth Circuit formerly
8  employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the
9  petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 546 U.S. 189, 126
10 S.Ct. 846 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal
11 courts determine whether a state habeas petition was filed within a reasonable period of time.  Evans,
12 546 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as
13 to timeliness), the federal court must decide whether the filing of the request for state-court appellate
14 review (in state collateral review proceedings) was made within what California would consider a
15 'reasonable time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that
16 [is] the end of the matter for purposes of § 2244(d)(2).'"  Bonner v. Carey, 425 F.3d 1145, 1148 (9th
17 Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), 125 S. Ct. 1807).  See also
18 Carey v. Saffold, 536 U.S. at 226.
19       Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans,
20 this Court must first determine whether the California courts denied any of Petitioner's habeas
21 application as untimely.  If so, that is the end of the matter for purposes of statutory tolling because
22 those petitions were then never properly filed and Petitioner would not be entitled to any period of
23 tolling under § 2242(d)(2).  Bonner, 425 F.3d at 1148-1149.
24       Here, the Superior Court indicated that it was denying the habeas petition as untimely, citing
25 In re Clark, 5 Cal.4th 750 (1993). (LD 12).  Given that express finding by the Superior Court, the
26 fourth petition was not "properly filed," and thus not entitled to statutory tolling.  Bonner, 425 F.3d
27 at 1148-1149.  That conclusion must also apply to the period following the denial of the fourth
28 petition and that continues to the filing of the fifth petition on January 17, 2002.

Thereafter, on January 17, 2002, Petitioner filed his fifth state petition, which was denied without comment. When a state court denies a petition without comment, this Court "looks through" the last reasoned decision by the state court, i.e., the decision of the Superior Court denying the fourth petition with a citation to Clark. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590 (1991)(where a reasoned state judgment rejects a federal claim, later unexplained orders are presumed to rest on the same grounds). In Bonner, the Court applied the Ylst presumption to determine whether petitions denied without explanation were properly filed under the AEDPA. Bonner, 425 F.3d at 1128 n. 3. Accordingly, since neither the fifth nor sixth petitions were denied with any explanation, the Court must "look through" those petitions to the earlier decision of the Superior Court and presume that the fifth and sixth petitions were denied on the same grounds, i.e., timeliness. Id.

Hence, all three of the petitions filed subsequent to the commencement of the limitation period were untimely and not "properly filed;" thus, none were entitled to statutory tolling. Since Petitioner is not entitled to any statutory tolling, unless he is entitled to equitable tolling, the petition is untimely by 218 days.

D.  Equitable Tolling

The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, amended, 107 F.3d 696, 701 (9th Cir. 1997)); Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F. 3d 530 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

///

Here, Petitioner has made no claim of entitlement to equitable tolling, and the record discloses no credible grounds to support a finding of equitable tolling.  Accordingly, the petition is late by 218 days and should be dismissed.

## RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 16), be GRANTED and the amended petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendation are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 23, 2008**                              /s/ Theresa A. Goldner
                                                                  UNITED STATES MAGISTRATE JUDGE